# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-CR-00143-2 (TSC)** |
| | : | |
| **ANGELO MARK,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this Memorandum in Aid of Sentencing.

The Defendant, with his brother and co-conspirator, and others, sold various dangerous illegal drugs, including cocaine, MDMA, and "ketamine," while possessing a total of nine guns, throughout the Washington, D.C., area for several years.

For his conduct and pursuant to the Presentence Investigations Report Guidelines calculations of 41 to 51 months[1] on Count 1, consecutive to a mandatory minimum 60-month sentence on Count 16. The government requests the Court to sentence the Defendant to 108 months of imprisonment followed by five years of supervised release. In support thereof, the government respectfully submits the following:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Procedural History

---

[1] This range differs from the estimated range in the plea agreement. The United States Probation Office ("USPO") applied a two-point reduction of offense level due to the Defendant's role in the offense as a minor participant pursuant to USSG §3B1.2(b). Further, USPO found the Defendant's Criminal History Category to be II instead of I. *See* PSR pp. 131.

On March 21, 2024, Jevaughn Mark, the Defendant's brother, was indicted in an eight-count indictment for distribution of 40 grams or more of fentanyl and cocaine to undercover officers between January 10, 2024, and March 13, 2024.  On April 9, 2024, a superseding indictment was filed charging the Defendant along with his brother in a conspiracy to distribute 40 grams of fentanyl and 500 grams of cocaine between January 2021 and March 2024.  The first superseding indictment also included additional charges of possession with intent to distribute fentanyl and cocaine for both brothers, and firearms offenses.  On June 13, 2024, a second superseding indictment was filed charging the Defendant with conspiracy to distribute 40 grams of fentanyl and 500 grams of cocaine, and specifically charging that Jevaughn Mark distributed drugs on December 26, 2023, that resulted in the death of two individuals, B.R. and R.B., in addition to the charges in the first superseding indictment.

On March 14, 2025, Jevaughn Mark pleaded guilty to Counts One and Thirteen of the second superseding indictment for conspiracy to distribute and unlawful possession of a firearm by a prohibited person.  On June 26, 2025, the Court sentenced Jevaughn Mark to 180 months of imprisonment.

June 18, 2025, the Defendant pleaded guilty to a lesser included of Count One, and Count Sixteen of the second superseding indictment.  The matter now comes before the Court for sentencing on October 1, 2025.

**B.  The Defendant's Conduct**

Since at least January 2021, until the time of their arrest in March 2024, the Defendant and his co-conspirator sold dangerous drugs all over the metropolitan Washington, D.C. area.  The co-conspirator developed a "menu" of drugs he offered and advertised his products by texting his customers this menu.  On the menu, the co-defendant listed cocaine, both "raw pure" cocaine and

regular cocaine, MDMA, and ketamine, which was added to his menu around November 2023. "Pure raw" cocaine denotes uncut cocaine, meaning it was pure and not mixed with a cutting agent such as inositol. From the phone evidence recovered in this case, it appears that the defendants sold drugs to dozens of customers on a daily basis for years, often with the Defendant delivering the drugs to the customers.

Between January 10, 2024 and March 13, 2024, undercover agents with the DEA made six controlled purchases of fentanyl, cocaine, heroin, and suspected MDMA from the co-conspirator brother of the Defendant who resided across the street from the Defendant. A search warrant for 2329 Chester Street SE, Washington, DC and 2320 Chester Street SE, Washington, DC were executed on March 22, 2024.

The Defendant was present inside the residence at 2329 Chester Street when the search warrant was executed. Inside the Defendant's bedroom, law enforcement recovered seven firearms, approximately 954 rounds of ammunition, approximately 187 pills, zips of powder (including fentanyl), paraphernalia, and approximately $50,663 in U.S. currency.

Of the seven firearms, three were assault style rifles and several of the firearms had no serial numbers. Photos of some the recovered weapons are provided for reference:











## II.    CALCULATION OF SENTENCING GUIDELINES

Though the government and Defendant agreed to the estimated offense level of 23 after adjustment for acceptance of responsibility as outlined in the Plea Agreement, the Government does not dispute the Presentence Investigation Report's Estimated Offense Level of 21 after the two-point reduction of offense level due to the Defendant's role in the offense as a minor participant pursuant to USSG §3B1.2(b).  Additionally, the Probation Office calculated the defendant's Criminal History Score as II, instead of the parties' estimated score of I.  The

government does not dispute the Probation Office's calculations.

## III.    RECOMMENDATION

All the applicable factors set forth in Title 18, United States Code, Section 3553(a), should be considered by this Court. *See United States v. Gall*, 552 U.S. 38, 49-50 (2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (*id*. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (*id*. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (*id*. § 3553(a)(6)). The government's sentencing recommendation is based upon a review and balancing of these factors.

### A.  Nature and Circumstances of the Offense

Drug trafficking is undoubtedly serious and causes great harm to our community, and in this case, the defendant's actions, along with the actions of his co-defendant, had a direct and real impact on individuals in our community in the most devastating way.  Defendant and his brother ran a prolific drug delivery service throughout Washington, D.C. and the surrounding areas for at least three years with dozens of daily deliveries, injecting dangerous drugs into the community.

Furthermore, as often the case of drug dealers arming themselves with firearms, the defendant had ***seven*** firearms in his possession at his residence, including semi-automatic assault style rifles capable of inflicting deadly harm.  The drug trade is particularly dangerous when traffickers, like the defendant and his brother, possess these firearms in furtherance of their drug

dealing.  Furthermore, from the phone extractions, it appears that Angelo often attended gun shows and would ask his brother if he needed anything.

The government does not contest the minor role adjustment because relative to Jevaughn Marks's conduct, it does appear that Jevaughn had the customer base and the supply of narcotics. However, the Defendant was a willing and involved participant.  The Defendant had more cash than Jevaughn at his residence; over $50,000 compared to $38,000 that Jevaughn had.  The Defendant also had bulk packaging material, like the ones used to distribute the drugs, and a majority of the digital scales used to weigh narcotics.  The Defendant stored the majority of the firearms, seven out of nine firearms between the two brothers.  Even in the messages in which Jevaughn is providing the mixing ratios for the drugs, Jevaughn is not commanding the Defendant, rather, the Defendant is seeking out the guidance.  It does not appear that the Defendant was coerced nor blindly following his brother; instead, the relationship resembles that of a teacher-student where the student voluntarily enrolled in the instruction to learn for his own benefit.  And benefit he did, as evidenced by the large sum of cash found inside his room.



Finally, when considering the full nature and circumstances of the Defendant's conduct, the Court should consider the fact that it was this conspiracy that distributed the drugs in December 2023 that caused the deaths of two individuals. There is no evidence that the Defendant knew or had reason to know that the ketamine they sold actually contained fentanyl, but the Defendant was

certainly aware of the inherent risks that goes with drug distribution.  While the government in its discretion, did not seek an indictment against the Defendant for conspiracy to distribute a controlled substance resulting in death, like we had for Jevaughn Mark, there was legal support to do so.  *See United States v. Arcila*, 727 Fed.Appx.279 (9th Cir. 2018) (upholding conviction of two defendants in conspiracy to distribute heroin resulting in death where defendants conspired to distribute the heroin, and heroin distributed as a result of defendants' conspiracy caused a death); *see also United States v. Sarnelli*, No. 22 CR 116 (NRB), 2023 WL 199659, at *6 (S.D.N.Y. Jan. 17, 2023) (rejecting "foreseeability" requirement for death resulting enhancement).

### B.  History and Characteristics of the Defendant

The Defendant is a thirty-one-year-old man, who was significantly involved with the justice system as a child.  He has past arrests for drug related offenses and weapons.  He has a prior adult conviction for obstructing justice which stems from intimidating a witness by making a shooting gesture to the witness when the witness identified the Defendant and his brother as the perpetrators who smashed car windows to commit theft.   The recovery of seven firearms, drugs, paraphernalia, and over $50,000 in cash from his bedroom indicates that the Defendant was deeply involved in the drug trade and was prepared to engage in further criminal conduct, but for his arrest.

Contrary to Defendant's argument that he was subservient to his brother, the Defendant was an active and eager participant.  In the countless messages between the Defendant and his brother discussing where to deliver drugs, pricing, and mixing ratios, Jevaughn never threatened or coerced the Defendant.  The messages show a symbiotic relationship where Jevaughn received the orders from the customer and sent the Defendant the addresses and he without fear or coercion, delivered the drugs for a cut of the proceeds.  In the message below, the Defendant asked Jevaughn

to leave "3.5" grams for him and pays Jevaughn for the drugs he's about to sell himself.



Other messages show the Defendant's deep involvement with his brother in purchasing

wholesale drugs from their suppliers.





43

10



From: +12029074484 Lo
To: 17038619687 (owner)

U know how whop the raw

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 10/21/20 21 6:38:06 PM(UTC-4) | |

Status: Read

10/21/2021 6:37:33 PM(UTC-4)



From: +17038619687 (owner)
To: +12029074484 Lo

Attachments:

Title: 66664513782__ED10E4C8-8EB8-483C-A667-ADF7D33AA069.HEIC
Size: 0
File name: ~/Library/SMS/Attachments/e6/06/at_0_A75AA06C-E3CF-48C4-8A66-F4B21C91B204/66664513782__ED10E4C8-8EB8-483C-A667-ADF7D33AA069.HEIC
~/Library/SMS/Attachments/e6/06/at_0_A75AA06C-E3CF-48C4-8A66-F4B21C91B204/66664513782__ED10E4C8-8EB8-483C-A667-ADF7D33AA069.HEIC
(Empty File)

To

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +12029074484 Lo | | | |

Status: Sent

10/21/2021 6:39:10 PM(UTC-4)

44

From: +17038619687 (owner)
To: +12029074484 Lo

Yeah just half and half with inositol powder

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +12029074484 Lo | | | |

Status: Sent

10/21/2021 6:39:40 PM(UTC-4)

From: +12029074484 Lo
To: 17038619687 (owner)

Bet... you gotta show Me u ain't trying go half on Raw

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 10/21/202 1 6:41:26 PM(UTC-4) | |

Status: Read

10/21/2021 6:40:59 PM(UTC-4)



The relationship between the brothers is a stark contrast to the "unequal power dynamic" that Defendant argues in its Sentencing Memorandum, ECF 75 at 6. Unlike *United States v. Gaviria*, 804 F.Supp.476 (E.D.N.Y. 1992), this is hardly the case of "[a] woman living in a relationship of complete subservience to a man [who] deserves less punishment than the usual

12

defendant when that man orders her to commit a crime and she obeys. The male's control can result from a combination of physical and psychological abuse, cultural norms, economic dependence and other factors." *Id*. at 479. Jevaughn never once "ordered" or commanded the Defendant to obey, in fact, it was the Defendant who willingly sought out and accepted deliveries. The Defendant was financially independent and received a cut of the proceeds from the drug sales. A sibling relationship is vastly different than an abusive husband-wife relationship.

Finally, while the Defendant's psychologist opined that the Defendant's limited mental capacity impaired his ability to exercise reason, the Defendant's own actions and words as seen through his conversations suggest otherwise. In the below messages, the Defendant is advising his older brother how he should invest his money and speaks knowledgably with confidence on how a particular account will trade. To have "some success" in day trading, *Defendant's Memorandum in Aid of Sentencing*, ECF 75 at 9, one would expect an ability to "exercise the power of reason". *Id*. In fact, the Defendant's phone also referenced his involvement with

cryptocurrency, a form of trading that requires some level of sophistication.







From: +17038619687 (owner)
To: +12029074484 Lo
I should add more money to my account like 3k

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +12029074484 Lo | | | |

Status: Sent

3/6/2022 2:16:02 PM(UTC-6)

From: +12029074484 Lo
To: 17038619687 (owner)
Yeah that joint going trade more higher

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 3/6/2022 2:36:36 PM(UTC-6) | |

Status: Read

3/6/2022 2:32:52 PM(UTC-6)

From: +12029074484 Lo
To: 17038619687 (owner)
Plus u can just fund ur girl account with that an get all the benefits

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 3/6/2022 2:36:36 PM(UTC-6) | |

Status: Read

3/6/2022 2:33:24 PM(UTC-6)

From: +12029074484 Lo
To: 17038619687 (owner)
Attachments:

Title: Resized_20220306_143409.jpg
Size: 26565
File name: ~/Library/SMS/Attachments/d9/09/CD5537A9-0DE1-4B6A-B20F-AA3BA5673FFD/Resized_20220306_143409.jpg
~/Library/SMS/Attachments/d9/09/CD5537A9-0DE1-4B6A-B20F-AA3BA5673FFD/Resized_20220306_143409.jpg

To

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 3/6/2022 2:36:36 PM(UTC-6) | |

Status: Read

3/6/2022 2:36:30 PM(UTC-6)

From: +12029074484 Lo
To: 17038619587 (owner)

Attachments:



Title: Resized_20220306_143409(1).jpg
Size: 28595
File name: ~/Library/SMS/Attachments/87/07/2EDF2644-2E96-4E43-8131-
2D88F2C9A95E/Resized_20220306_143409(1).jpg
~/Library/SMS/Attachments/87/07/2EDF2644-2E96-4E43-8131-
2D88F2C9A95E/Resized_20220306_143409(1).jpg

To

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619587 | | 3/6/2022 3:17:40 PM(UTC-6) | |

Status: Read

3/6/2022 2:36:42 PM(UTC-6)

---

From: +12029074484 Lo
To: 17038619587 (owner)

https://dualmine.com/?ref=320440

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619587 | | 3/6/2022 3:17:40 PM(UTC-6) | |

Status: Read

3/6/2022 2:37:32 PM(UTC-6)

---

From: +12029074484 Lo
To: 17038619587 (owner)

We could put up on dis Get some ETH

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619587 | | 3/6/2022 3:17:40 PM(UTC-6) | |

Status: Read

3/6/2022 2:37:45 PM(UTC-6)

---

From: +12029074484 Lo
To: 17038619587 (owner)

Even hyperverse

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619587 | | 3/6/2022 3:17:40 PM(UTC-6) | |

Status: Read

3/6/2022 2:38:47 PM(UTC-6)



From: +12029074484 Lo
To: 17038619687 (owner)

Watch "HYPERVERSE REWARD SYSTEM || GET 3X BENEFITS FROM EVERY DAY || HYPERVERSE" on YouTube
https://youtu.be/YRnQt5xTh8I

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 3/6/2022 3:17:40 PM(UTC-5) | |

Status: Read

3/6/2022 2:40:14 PM(UTC-5)



From: +17038619687 (owner)
To: +12029074484 Lo

Liked "We could put up on dis Get some ETH"

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +12029074484 Lo | | | |

Status: Sent

3/6/2022 4:37:04 PM(UTC-5)



From: +17038619687 (owner)
To: +12029074484 Lo

What's dualmine

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +12029074484 Lo | | | |

Status: Sent

3/7/2022 12:26:01 AM(UTC-5)

From: +12029074484 Lo
To: 17038619687 (owner)

Mining joint go there an see how much ETH U Get for 2 years

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 3/7/2022 1:26:49 AM(UTC-5) | |

Status: Read

3/7/2022 1:12:28 AM(UTC-5)



From: +12029074484 Lo
To: 17038619687 (owner)
Yo it tell yah how much ya make today On ur MT4

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 1/31/202 2 2:16:04 PM(UTC-5) | |

Status: Read

1/31/2022 1:57:32 PM(UTC-5)



From: +17038619687 (owner)
To: +12029074484 Lo
$14

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +12029074484 Lo | | | |

Status: Sent

1/31/2022 2:16:24 PM(UTC-5)

From: +12029074484 Lo
To: 17038619687 (owner)
The more yah put in the more ya make...

| Participant | Delivered | Read | Played |
|---|---|---|---|
| 17038619687 | | 1/31/202 2 2:32:07 PM(UTC -5) | |

Status: Read

1/31/2022 2:18:27 PM(UTC-5)

139

From: +12029074484 Lo
To: 17038619687 (owner)
Attachments:

Title: Screenshot_20220131-141819_MetaTrader_4.jpg
Size: 33192
File Name: ~/Library/SMS/Attachments/00/00/E889430-D94E-4176-AF79-61FD7D540083/Screenshot_20220131-141819_MetaTrader_4.jpg
~/Library/SMS/Attachments/00/00/E889430-D94E-4176-AF79-6TFD7D540082/Screenshot_20220131-141819_MetaTrader_4.jpg

To

18





### C. Need for Deterrence

Drug dealing is a deadly scourge, whether it be overdoses – as happened in this case when the Defendant's brother dealt deadly drugs in December 2023 – or through the violence that frequently attends it. As the Court is no doubt aware, these types of offenses occur all too frequently in the District, which only further highlights the need for deterrence.

### IV.    CONCLUSION

The government's request for 108 months of imprisonment followed by 5 years of supervised release is reasonable, serves the interests of justice and is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). Given the downward adjustment for minor role already made, a guidelines sentence is appropriate. For the firearm offense (Count 16), the government recommends a sentence of 60 months to run concurrently to the sentence in

Count 1.  Finally, the Government will move to dismiss the remaining counts of the second superseding indictment at sentencing pursuant to the plea agreement.

                                              Respectfully Submitted,

                                              Jeanine Ferris Pirro
                                              United States Attorney


By:           /s/
                                                Daniel Seidel
                                              Iris McCranie
                                              Assistant U.S. Attorney
                                              N.Y. Bar No. 5011234
                                              United States Attorney's Office
                                              601 D Street, NW
                                              Washington, D.C. 20530
                                              (202) 252-7828
                                              iris.mccranie@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2025, a copy of the foregoing Memorandum was served on counsel for Defendant via the Court's electronic case filing system.

_____/s/_____

Iris McCranie
Assistant U.S. Attorney
